### KINGSBERY *v.* LOVE, administrator.

SIMMONS, C. J.—1. An order of the court of ordinary authorizing an administrator to sell the real property of a decedent operates as a limitation upon his power; and at a sale thereunder, while he may sell a less, he can sell no greater interest than that described in the order of sale.

2. Where the order conferred upon an administrator the power to sell a certain bond for titles wherein the obligor covenanted to reconvey to the intestate certain premises therein described, upon the payment of a sum certain therein named, the order also au-

thorizing the sale of the interest of the intestate in the premises so described, the doctrine of *caveat emptor* applied, and a purchaser was bound to take notice that the administrator had no power to sell other than the equity of redemption of his intestate in such premises; yet where at the sale the auctioneer, acting for the administrator and in his presence, announced, in reply to a question from a person who contemplated bidding, that the land itself and not a paper was being sold, and this person then announced that he would bid only for the land free from all incumbrances, and did so bid, the administrator then and there also announcing that he would pay off the debt secured by the deed out of the proceeds of the sale, and the property was knocked off to such bidder, although the administrator may have had no legal authority to make such an announcement, if the bidder was thereby misled and induced to believe he was bidding for an unincumbered title, and his bids were accepted accordingly, these facts, in connection with a subsequent refusal by the administrator to comply with the terms of his announcement, constituted such a fraud upon the bidder as released him from completing his purchase and taking and paying for the land subject to the incumbrance, and he was not liable for the difference between the amount of his bid and the price for which the bond for titles, together with the interest of the intestate thereunder, was afterwards resold at his risk. It was accordingly error to strike, on general demurrer thereto, a plea setting up these facts, there being no special demurrer attacking the plea for want of sufficient accuracy and fullness.

January 14, 1895.                              *Judgment reversed.*

Complaint. Before Judge VAN EPPS. City court of Atlanta. May term, 1894.

Under an order of the court of ordinary, the administrator of C. C. Greene advertised for sale at public outcry, "the following property of C. C. Greene deceased, to wit: One bond for title made by F. L. Achey to C. C. Greene, dated 21st day of September, 1881, which bond obligates the said F. L. Achey to convey to C. C. Greene, his heirs, executors, administrators or assigns, all the right, title, interest, claim or demand which the said F. L. Achey has in and to the following described property, to wit:" The advertisement then described certain lots of real estate, and proceeded: "Said bond for titles recites that said title was to be made to said C. C. Greene, his heirs, executors, administrators

or assigns, whenever the said C. C. Greene should pay, at the office of Nelson, Barker & Co., Atlanta, Ga., the sum of six thousand dollars ($6,000), with interest from date of the said bond, at the rate of (8) eight per cent. per annum, payable semi-annually. Will be sold also, at the same time and place, all the interest of C. C. Greene deceased, in and to the land above described; the sale of the interest of said estate in said land and the bond for titles being authorized by the ordinary by order as above stated. Sold for the purpose of paying the debts of said estate." The sale took place, and the property was knocked off to Kingsbery, the highest bidder, who refused to pay the amount of his bid upon tender of a conveyance to him by the administrator, of "the attached bond for title from F. L. Achey to C. C. Greene now dec., with whatever right, title, interest and claim in and to the land therein described, which under and by virtue of its terms belonged to said estate at the date of the sale," etc. Thereupon the administrator readvertised the property for sale at the risk of Kingsbery (the terms of the readvertisement being similar to those of the original advertisement), and the property was knocked off to Hendrix, the highest bidder, for a sum several thousand dollars less than that bid by Kingsbery at the first sale. This suit was brought to recover the difference in the bids, and the expenses of resale. Plaintiff alleged that the bid at the second sale was made in the interest and for the benefit of defendant, who by some arrangement had the bond for title bid off thereat. To this suit a special plea was filed, which the court struck on demurrer, and refused to admit testimony in support thereof. There was a verdict for the plaintiff, and defendant's motion for a new trial was overruled; the motion containing the ground, among others, of error in the ruling just stated.

The special plea was as follows: On the day of and

v 95-35

before the sale, the advertisement being ambiguous, defendant went to plaintiff and told him he desired to bid on the land and wanted to know exactly what was to be sold, because he did not want to buy land and then have to pay any more than his bid. The administrator informed him the land would be sold, and referred him to R. T. Dorsey, the attorney of the administrator, for information as to exactly what would be sold, who replied that in his judgment defendant would get the land free from lien. Said attorney referred him to M. A. Candler for further information, Candler being an attorney at law, and with Dorsey being interested in the claim held by Achey against the estate. Defendant was informed by Candler that the land would be sold and that defendant would, if he bought it, get the land, and the Achey claim or lien would be paid out of the proceeds of the sale. When the sale came on, defendant inquired of the auctioneer, while he was actually engaged in making the sale, what he was selling, who answered: "I am selling the land. I am offering you land with great big trees on it, and not a paper." Defendant then said, "I bid for the land unincumbered" so much, and then continued to bid, Candler being the party who finally ran it up on defendant, until the sale culminated in a bid by defendant of $20,000 for the land unincumbered, at which price it was knocked off to him. Defendant tendered the money to the administrator, and was tendered in receipt therefor a simple transfer of the bond, the latter claiming that defendant must pay off the lien in addition thereto. Defendant replied that he did not bid for any such thing or purpose, and declined then to accept the offer. The conduct of the administrator and his advisers operated as a legal fraud upon him. He was misled and surprised thereby, and therefore is not indebted to plaintiff. He never bid for the bond or the land as affected thereby, and would not have given or

offered $20,000 or any such sum for the land incumbered, or any qualified interest therein. From the announcements made at the sale and conversations with the parties before the sale, he thought he was buying the whole property free from liens; and if in fact he did not do so, he was honestly mistaken and did not make the contract as contended for by the plaintiff, and the minds of the parties never met in respect thereto. The negotiations between him and the administrator, before and at the time of the sale, were in reference to the claim of Achey alone, and as to whether the purchaser at the sale would have to pay off that claim, or whether the administrator would settle it out of the proceeds of the sale; and the administrator stated, in substance, that he could settle that claim out of the proceeds. When defendant tendered the $20,000 to plaintiff, he requested an administrator's deed, and declined to pay only when the administrator stated that he would do no more than transfer the bond and would not pay the amount due Achey out of the proceeds of the sale.

ELLIS & GRAY, for plaintiff in error.  DORSEY, BREWSTER & HOWELL and J. A. ANDERSON, contra.