## DUKES *v.* BASHLOR.

Where a purchaser of land at administrator's sale, subsequently to the sale and to the delivery of the administrator's deed and the payment of the purchase-price, discovered that one of the heirs of the intestate was in possession of the land sold at such sale, claiming title thereto and the right to remain in possession to the exclusion of the purchaser, and, after making the discovery that the heir was in possession claiming title, filed a suit against the heir in possession and against the administratrix and her agent and attorney to whom the purchase-money was paid over, alleging as against such heir that his claim was not valid, that it was a fictitious claim, and praying as against him that title to the land be decreed in petitioner, and as against the administratrix and her agent and attorney that they knew of this claim of title by the heir and concealed it, and alleging further that the administratrix was a resident of the State of Florida and the security on her bond was insolvent, and that the money was still in the hands of the attorney to whom it was paid, and praying that an injunction be granted restraining the attorney from paying over the money to his principal, and that petitioner have a judgment for the amount paid over, such petition was not open to attack by general demurrer; nor was it multifarious "in that it sets forth two distinct and separate causes of action, and that the causes of action are inconsistent," nor upon the ground that "the principle of the law of caveat emptor applies, and that under this law the petitioner is estopped to bring this action;" nor upon the further ground set up in the demurrer urged by the agent and attorney, that he was the agent of a disclosed principal.

No. 5285.   JUNE 23, 1926.

Equitable petition. Before Judge Sheppard. Bryan superior court. January 29, 1926.

C. J. Bashlor brought his equitable petition against Fred Miner and J. P. Dukes, and afterwards by amendment made Annie Faughnan, the administratrix of Alice Miner, a party defendant. In the petition it was alleged, in substance, that Alice Miner died leaving as a part of her estate a certain described tract of land; that Annie Faughnan, the administratrix, after having duly qualified as such, took possession of the property in question and re-

Actions, 1 C. J. p. 1099, n. 37.
Agency, 2 C. J. p. 821, n. 46.
Equity, 21 C. J. p. 415, n. 73.
Executors and Administrators, 24 C. J. p. 565, n. 8, 9; p. 689, n. 2.

mained in possession of the land until she sold the same as administratrix on the first Tuesday in May, 1924. The sale took place regularly after an order for the same was obtained from the court of ordinary. At the sale petitioner became the purchaser at and for the price of $1875, which amount he paid over to J. P. Dukes, the agent and attorney at law of the administratrix; and an administrator's deed was duly delivered to petitioner conveying the land described. "Petitioner immediately took possession of said property, and has ever since been in possession thereof, and has been collecting the rents therefrom." It is also alleged, that Fred Miner, a son of the intestate, is occupying one of the rooms in the dwelling-house located on the land, and claims the right to occupy the same and claims title to the land; that his claim of title to the land is not bona fide, but that in pursuance of his pretended rights he is interfering with the quiet and peaceable possession of the petitioner and is preventing his full use and enjoyment of the property; that Annie Faughnan, the administratrix, is not a resident of the State of Georgia and has no property in Georgia, and that the security on her bond is insolvent; that Dukes, the agent and attorney at law of the administratrix, is still in possession of the sum of $1875, the purchase-price of the land; and that the administratrix is not entitled to the purchase-money of the land until she places him in complete and undisputed possession, which she has not done. Petitioner prays that title to the land be decreed in him; that Fred Miner be restrained from occupying the land described or any part thereof, and from interfering with petitioner; that he be ejected from the property; that Dukes be enjoined from paying over the amount he has in hand as the purchase-money paid for the land. An amendment to the petition was filed, in which it was alleged that petitioner's possession of the premises had been disputed from the time he bought, and, as he is informed and alleges, the right to the possession of the premises was claimed by Fred Miner before the sale; that petitioner has never been put in the quiet and undisputed possession of the property by the administratrix; "and when petitioner alleged that he has been in the possession of said property and the administratrix was not in possession thereof, it was in the sense that he claimed it and collected the rents therefrom, but petitioner has not been able to control the same, on ac-

count of the adverse claim of Fred Miner and other heirs of Alice
Miner; and that the said Miner claimed some sort of adverse pos-
session to said administratrix;" that the administratrix and Dukes
both knew, at the time the application was made for the order to
sell and at the time the property was sold, of the claim of Fred
Miner and the other heirs, and that Fred Miner was occupying
the property; that Fred Miner had filed a claim to the land be-
fore the sale thereof; but, knowing of this adverse claim, the ad-
ministratrix and her agent and attorney withheld from petitioner
the knowledge they had as to such adverse claim and possession,
and that petitioner did not know of such adverse possession when
he paid over the money and received the deed, but learned of the
same on the day of making the payment, after making it, and im-
mediately called upon J. P. Dukes to return to him the money,
and tendered back the deed, which tender Dukes declined. It is
charged that in the concealment of the fact that Fred Miner was
in possession of the land or a part of the premises, and that he
had interposed a claim thereto, and in selling said land when there
was an adverse claimant in possession, the administratrix and
Dukes committed a fraud on petitioner, "thus damaging him in
the amount that he paid for the land;" and petitioner further al-
leges that the concealment of the facts from him and the failure
"to divulge to him their knowledge thereof were for the purpose
of inducing petitioner to purchase said property, they knowing that
he was in ignorance of said facts and was relying on their good
faith in offering said property for sale." In the amendment it is
prayed that the question as to whether the sale was void be deter-
mined, and, if it is determined that the sale was void, that peti-
tioner have judgment for the sum of $1875 against the adminis-
tratrix and Dukes; and there are other prayers which it is not es-
sential to notice.

Dukes demurred generally to the petition, on the grounds, that
no cause of action was set out; that the petition was multifarious,
and that it set out two separate, distinct, and inconsistent causes
of action; that there was a misjoinder of parties; that the petition
failed to show any legal or equitable right against him; that the
plaintiff, having bought at administrator's sale and having been
put in possession, was affected by the doctrine of caveat emptor;

and that as to him the petitioner prayed for affirmative relief against the agent of a disclosed principal.

After the amendment was filed the demurrer was renewed upon the grounds, that the amendment set out a claim based upon tort, whereas the original attempt to set out a cause of action against the defendant was based upon a contract; that the petition as amended makes a new party defendant, alleging fraud committed by her, whereas the original petition attempted to set up an action based upon contract; that the amendment "attempts to make Miss Annie Faughnan a party defendant to an action in tort, which has no elements of equity;" and that the facts alleged in the amendment contravene those alleged in the original petition. The demurrers were overruled, and the defendant Dukes excepted.

*H. G. Dukes,* for plaintiff in error.

*P. M. Anderson* and *J. Saxton Daniel,* contra.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the court did not err in overruling the demurrers. While there is a seeming inconsistency between the prayer that a decree be rendered placing the title to the property in question in petitioner, and another prayer for a judgment for the money which had been paid over, this in effect is a prayer for alternative relief; that is, it is a prayer seeking the recovery of the money paid in the event the plaintiff can not have title decreed in himself. It is competent for a court of equity to render relief where prayers for alternative relief are thus made and properly made under the facts alleged. Manifestly, the plaintiff is seeking to have the sale confirmed, and this the defendants, Dukes and the administratrix, also desire; that is, presumptively it is their desire, for we are passing on a demurrer, inasmuch as they seek the dismissal of the suit. But if the heir was actually in possession of the premises, claiming the right to the possession thereof and the right to exclude the purchaser from the premises, the sale was void, if it was held adversely to the estate. While Miner was one of the heirs, under the allegations in the petition his possession is to be treated as adverse to the estate; and an administrator can not lawfully sell property of the estate that is held by a third person adversely to such estate. Before a lawful sale can be made the administrator must first recover possession. Civil Code, § 4033.

But the defendants by demurrer make the point that the doctrine of caveat emptor is applicable to such sales; and that the purchaser in this case, having made the bid which was accepted at the sale, and having paid the purchase-price and received the deed executed by the administratrix, can not now repudiate the sale. Of course we recognize the doctrine laid down in many of our cases, that the doctrine of caveat emptor applies to administrator's or executor's sales, and that a purchaser thereat can not repudiate his bid because of defective title or want of title in the decedent, when there is no fraud or misrepresentation by the administrator or executor; but where there is fraud or misrepresentation by the administrator, whereby a purchaser is induced to bid and pay for land sold at an administrator's sale, an important exception to the rule is introduced. In the case of *Holmes* v. *Holmes,* 140 *Ga.* 217 (78 S. E. 903), it was said: "The principle of caveat emptor has never been carried to the extent that a purchaser at an administrator's sale is not relievable against the fraud or misrepresentation of an administrator. If an administrator is guilty of imposition, and the purchaser is influenced in making his bid on account of the fraud or misrepresentation of the administrator, he is relievable of his bid. *Colbert* v. *Moore,* 64 *Ga.* 502; *Jones* v. *Warnock,* 67 *Ga.* 484; *Kingsbery* v. *Love,* 95 *Ga.* 543 (22 S. E. 617). If the administrator had been guilty of such conduct as to induce the purchaser to bid upon the faith that his intestate was the owner of the whole fee, and knew that such bidding was made under such misapprehension, it would be inequitable for him to hold the purchaser to a bid induced by his own misrepresentation." So in the present case we are of the opinion that if the administratrix and her attorney knew that the land in question was being held adversely to the estate and that the heir in possession had actually filed his claim thereto on the very day of the sale and just before the sale, and they concealed this fact, then such possession held adversely to the estate by a third person and his filing of a claim would constitute such fraud as would be relievable in equity, and would prevent the application of the doctrine of caveat emptor as against this petitioner.

There was no misjoinder of parties. If this petitioner did get title as against the party actually in possession and contesting the purchaser's right and title, he had a right to have it settled in this

suit; but if the sale was void, and the determination of the issue between the purchaser and the other party should be determined adversely to petitioner, then he had the right, if the other two defendants practised fraud as alleged, to recover the purchase-money. And he also had the right in the latter case to an injunction to prevent the attorney and agent who had actually received the money from paying it over to his principal, the administratrix, who was a resident of the State of Florida, it appearing that her bondsmen were insolvent. Though as a general rule a suit could not be maintained against an agent for a disclosed principal, the facts here are exceptional and make this case an exception to the general rule.        *Judgment affirmed. All the Justices· concur.*