## FAUGHNAN *v.* BASHLOR.

1. The allegations of the petition set forth a cause of action sufficient to withstand a general demurrer, and the alleged defects to which special demurrers were addressed may be cured by amendment, and therefore the plaintiff in error is not injured by the refusal of the court to dismiss the petition.

(*a*) The court correctly overruled the demurrers based upon the grounds of multifariousness and alleged misjoinder of parties and causes of action.

(*b*) The proceeding in the present case is an action quasi in rem, presenting for adjudication the ownership of certain described property within the jurisdiction of the court, to which all parties interested are proper and necessary parties; and the court is not deprived of its jurisdiction by reason of the fact that some of the parties are not within its jurisdiction, if the res itself and other parties are properly within the jurisdiction.

(*c*) The doctrine of caveat emptor as applied to judicial sales has no application to an instance of actual fraud, where material facts dehors the record (from which constructive notice may be implied) are de-.

---

Appeal and Error, 4 C. J. p. 936, n. 84; p. 937, n. 6.
Courts, 15 C. J. p. 802, n. 94.
Dismissal and Nonsuit, 18 C. J. p. 1184, n. 3 New.
Executors and Administrators, 23 C. J. p. 1048, n. 35; 24 C. J. p. 690, n. 6; p. 816, n. 73 New.
Judicial Sales, 35 C. J. p. 76, n. 89; p. 84, n. 6.
Pleading, 31 Cyc. p. 292, n. 84; p. 294, n. 8.
Process, 32 Cyc. p. 488, n. 11.
Quieting Title, 32 Cyc. p. 1346, n. 88.

liberately concealed, or where the judgment under which the sale is being conducted was itself obtained by fraud.

(*d*)· The purchaser of realty at a judicial sale is entitled to be placed in possession of the land he buys. An administrator can not sell land of which he is not in possession; and upon the failure or inability of an administrator to put the purchaser at the administrator's sale in possession, the purchaser who relied, as he had a right to do, upon the fact that the administrator was in possession and could put him in possession, and in consequence thereof paid the amount bid by him for the property, is entitled, at his option, to a rescission and the return of the purchase-money paid to the agent and attorney of the administrator.

2. Failure to perfect service upon the defendant in the first instance is not necessarily ground for dismissal of the proceeding against such defendant; and in such an instance the court may grant orders extending the time in which service may be perfected either personally or by publication. In the present case it was not error for the court to find and adjudge by order that service had been perfected by publication, inasmuch as there was evidence that the defendant administrator was a non-resident of this State (this was uncontradicted), and that neither the plaintiff nor either of his attorneys knew the exact residence or address of the defendant sought to be served. The requirement of section 5557 of the Code, as to the filing of a copy of the publication containing the notice of suit in the office of the clerk, and the duty of said clerk to mail said paper, etc., applies only "where the residence or abiding-place of the absent or non-resident party is known."

3. Even though a non-resident executor or administrator has not been properly served by publication, if such representative of a decedent comes into this State and claims the right to· act as such representative, and asserts his authority to administer property located in this State, the courts of this State have the power to compel him to come in and be made a party. A non-resident who has applied for letters of administration in this State and has obtained from the court of ordinary an order for sale of the property of his intestate, even though he may as an individual be a non-resident, is officially an administrator of this State. In such a case the administrator will not be heard to assert that the courts of this State have no jurisdiction over him with reference to the affairs of his intestate, at least so far as the property located in this State is concerned.

No. 5331. January 14, 1927.

Equitable petition. Before Judge Sheppard. Bryan superior court. February 13, 1926.

*J. P. Dukes,* for plaintiff in error.

*J. Saxton Daniel* and *P. M. Anderson,* contra.

RUSSELL, C. J.  C. J. Bashlor filed a suit against Fred Miner and J. P. Dukes, in the nature of an equitable petition. Thereafter an amendment setting up additional facts was filed. Miss Annie Faughnan was made a party defendant in the suit, and an

order passed that service be perfected upon her by publication, it appearing that she was a non-resident of the State of Georgia. The following notice was published in the Bryan County Enterprise, the official organ of the county in which the suit was pending, twice a month for two months, on June 13 and 27 and July 11 and 25: "Petition for Equitable Relief. In the Superior Court of Bryan County. May Term, 1925. C. J. Bashlor vs. Fred Miner, J. P. Dukes, and Annie Faughnon. To the Defendant, Annie Faughnon: You are hereby commanded to be and appear at the next term of this court, to be held on the first Monday in August, 1925, to make answer in the above-named case, as required by order of the Court. Witness the Honorable Walter W. Sheppard, Judge of said Court, this the 30th day of May, 1925. W. E. B. Priester, Clerk Superior Court, Bryan County, Georgia. Georgia, Bryan County. I certify that the above and foregoing is a true extract from the minutes of Bryan Superior Court. Witness my signature and the seal of said Court hereto affixed. This the 30th day of May, 1925. W. E. B. Priester, Clerk, S. C., B. C., Ga." Annie Faughnan at the August term, 1925 (this being the next term after the grant of the order to make her a party defendant in the suit), filed a motion to dismiss for want of service; and likewise at the same time filed a demurrer subject to her motion to dismiss for want of service by publication. The demurrer came on to be heard on January 29, 1926, and was overruled. On February 13, 1926, the court heard and overruled the motion to dismiss for want of service. The defendant, Miss Faughnan, excepted to both rulings.

1. The exception to the judgment overruling the demurrer to the petition requires us to consider whether the plaintiff in his pleading stated a cause of action, even though the petition might in some particulars be so defective as to require further amendment. The petition as amended made the following case: Alice Miner, a resident of Bryan County, died seized and possessed of 112 acres of land fully described in the petition, known as "the old court-house tract." On March 5, 1906, Annie Faughnan was appointed as administratrix of the estate of Alice Miner, duly qualified as administratrix, immediately took possession of the tract just described, and remained in possession thereof as administratrix until she sold the same in pursuance of an applica-

tion to the ordinary of Bryan County at the January term, 1924, granting leave to sell said land for the purpose of paying debts and distribution. The land was advertised as required by law, and was sold on the first Tuesday in May, 1924, and the sale was conducted in strict conformity with law. At said sale the petitioner bought the land for the highest and best bid, $1,875. He paid the amount of the bid to J. P. Dukes, the agent and attorney at law of the administratrix, and there was delivered to him by Dukes a duly executed deed from the administratrix, conveying the described land to him in conformity with the sale. He immediately took possession of the property, and has ever since been in possession thereof, and has been collecting the rents therefrom. But Fred Miner, a son of the deceased intestate, is occupying one of the rooms in the dwelling-house located on the described tract, and he claims the right to occupy said room, "the exact nature of which [claim] petitioner does not know, and which the said Miner refuses to divulge to him." The claim of Miner to said land is not in good faith, but in pursuance of his pretended right he is interfering with the quiet and peaceable possession of petitioner, and is preventing his full use and enjoyment thereof, because Miner interferes with petitioner's tenants, refuses to permit him to take from said land the fruit thereof, and continuously meddles and interferes with petitioner's possession and control thereof. The administratrix is not a resident of the State of Georgia, has no property in Georgia, and the security on her bond as administratrix is insolvent and unable to respond in any amount that the petitioner might recover. Dukes is still in possession of the $1,875, the purchase-price of the land. While petitioner believes the claim of Fred Miner is not valid or in good faith, he is unable to determine whether it is valid or not, as Miner refuses to divulge the nature of his claim. Should it be true that the claim of Miner is valid and superior to petitioner's title, petitioner would be compelled to call upon the administratrix for a refund of the purchase-money of said land; and she, being a non-resident of this State, could not be sued in the courts of this State, and no solvent judgment could be obtained against her bondsman, because of his insolvency.

Before the rulings were rendered of which complaint is made, the petitioner amended by alleging that his possession has been

disputed from the time he bought the land, and he has never been put into quiet, peaceable, and undisputed possession thereof by the administratrix or by any one else; and he explains the allegation in the original petition that he has been in possession of the property, and that the administratrix was in possession thereof, by alleging that it was merely "in the sense that he claimed it and collected the rents therefrom." But he has not been able to control the same, on account of the adverse claim of Fred Miner and the other heirs of Alice Miner, and of the fact that Miner claims some sort of adverse possession to that of the administratrix. Petitioner charged that both the administratrix and her attorney and agent, J. P. Dukes, knew, at the time application was made for the order of sale and at the time the property was sold, that Fred Miner and the other heirs of Alice Miner claimed the property, and that Fred Miner was occupying said property. Each and both of them knew that a claim to said property had been filed in behalf of Fred Miner and other heirs of Alice Miner before the sale; and Dukes and the administratrix withheld from him and from the general public the knowledge and information as to such adverse claim and possession. Petitioner did not know of the adverse possession by Fred Miner until he had paid the purchase-money for the land and received a deed, but later on the same day he learned of the adverse possession and claim, and immediately called upon Dukes to return the money he had paid for the land and to receive back the deed which petitioner tendered to him; but Dukes declined to return said money, promising to deposit it in a bank on interest, where he would keep it until the question of title could be determined, and then the money would be delivered, together with the interest it had made, to whomever it belonged, Dukes claiming at that time that he had never known of any adverse claim or possession until that day, and assuring petitioner that it would amount to nothing. In concealing from him the fact that Fred Miner was in possession of the land and that a claim had been interposed thereto, and in selling the land when there was an adverse claimant in possession, Annie Faughnan and J. P. Dukes committed a fraud on petitioner, thus damaging him in the amount he paid for said land. He charges that the failure to disclose their knowledge of such facts to petitioner was for

34

the express purpose of inducing him to buy the property, they knowing that he was in ignorance of such facts, and that he was relying on their good faith in offering the property for sale. Dukes claims that he has converted to his own use $500 of the money paid by petitioner; but petitioner alleges that this is not true, and that at the time the suit was filed he still held all the money to await the determination of the title to the land. Dukes claims the $500 as a fee for representing the administratrix, which petitioner alleges he has no right to do, as the sale of the land was void on account of the fraud as hereinbefore stated. The prayers of the petitioner are: (a) That the question whether the sale of the land was void or not be determined, and, if found to be valid, title be decreed in petitioner, and Fred Miner be restrained from occupying the premises or any part thereof, and from interfering with petitioner in their full and complete occupancy and enjoyment. (b) If the sale of the property be found to be, void, petitioner prays judgment for $1,875 with interest against Annie Faughnan, administratrix, and against J. P. Dukes, her attorney. (c) That J. P. Dukes pay over to the clerk of the court the sum of $1,875, with earned interest, to be held by said clerk until the final determination of the case. (d) For general relief.

Annie Faughnan demurred generally upon' the ground that the petition set forth no cause of action; that it negatives equitable rights, and plaintiff has a full, adequate, and complete remedy at law. Specially, upon the ground that the petition is multifarious, and is demurrable as a misjoinder of actions and of parties defendant. There are other special demurrers to certain paragraphs of the petition, which, so far as not passed upon by the court below, need not be considered now, because the defects complained of, if they be defects, are such as may be cured by amendment. In its main features the decision in this case is controlled by the judgment of this court in *Dukes* v. *Bashlor,* 162 *Ga.* 403 (134 S. E. 98). We held then that the court correctly overruled the demurrers based upon the ground of multifariousness and misjoinder of parties and causes of action. According to the allegations of the petition the court had before it the subject-matter in which all the parties were concerned, and in which each and all of them had an interest. Treating the allegations of the petition as true, the case is one in which a party has paid $1,875 to one of two

parties or to two parties, both of whom are officers of court, for land of which the administratrix was not in possession, and therefore had no right to sell or even a right to apply for an order of sale. · One of these parties is a non-resident, with a bondsman as security upon her bond as administratrix who is wholly insolvent. The other is her attorney, who is claiming $500 .of the fund for his services in conducting an illegal sale. Is it not proper that a ·court of equity should impound the fund until it can be determined what are the real facts as ascertained by the verdict of a jury? We think so. We do not lose sight of the doctrine of caveat emptor as applied to public sales; but this doctrine is not involved when a buyer informed himself that a proper order had been granted by the court of ordinary authorizing the sale of certain described real estate, and had the right to presume that the court of ordinary, being a court of competent jurisdiction, had before it all necessary and proper proof to authorize the judgment rendered,—had the right to presume that the administratrix was herself in actual possession of the premises to be sold, with right to place a purchaser in possession, and when such purchaser was cautious to see that every prerequisite necessary to conform the sale itself to the requirements of law had been complied with. The argument is made that under the doctrine of caveat emptor the would-be purchaser bought at his own risk, and therefore is not entitled to relief, and that no duty rested upon either the administratrix or her attorney and agent to disclose the fact, which both of them are alleged to have known, that the third defendant in this case was in actual possession of the premises exposed for sale. There is a marked difference between the obligation to disclose defects which may or may not vitiate a title, and the deliberate intention to offer property for sale under the guise of a regular judgment which has ·been itself obtained by fraud; and such is the allegation of the petition, because under the facts as stated both the administratrix and her attorney induced the judgment of the court of ordinary ordering a sale of the property, knowing at the time that the ordinary could not lawfully and would not have granted an order allowing a sale of the premises had the court been informed, as they are alleged to have known, that the administratrix was not in possession.

The point is made that the prayers of the petitioner are contra-

dictory; that in the original petition the plaintiff prayed that he be put in possession of the premises. He also prayed in the original petition and in the amendment, that, if the court should adjudge the sale to be void, the administratrix and her attorney be required to return the money paid by him, with interest. The fact that the prayers of the petition are contradictory would not authorize the sustaining of a general demurrer. A petition that is sufficient to entitle a petitioner to relief upon any ground can not be dismissed from the files if it presents a valid cause of action upon any other ground stated in the petition, because there is still a cause of action and the objectionable portion of the petition may be stricken by amendment. It is for this very reason that a demurrer upon the ground of misjoinder is held to be a special and not a general demurrer. We are of the opinion that the court did not err in overruling the general demurrer, because it was within the power of a court of equity, under the allegations, to grant the petitioner either form of relief which might be authorized by the evidence adduced upon the trial.

2. The ruling upon the motion of the plaintiff in error that she be dismissed from the suit antedated the court's ruling upon the demurrers, but we have preferred to consider this ruling last, because, if the court correctly should have sustained the general demurrer, that ruling would have been an end of the case not only as to the present plaintiff in error but as to all of the defendants. The motion of plaintiff in error that she be dismissed from the case is based upon the ground as alleged that "service by publication" was not made upon her. She relies upon the fact that no newspaper was filed in the clerk's office of Bryan County and mailed to her, in compliance with Code section 5557. She alleges that her residence was well known to the plaintiff, and for that reason the notice published in the Bryan County Enterprise should have been mailed to her. The lower court heard evidence upon the point whether either the plaintiff or his two attorneys knew where the plaintiff in error lived. The attorneys testified that they had no knowledge of her residence, further than the fact that they were informed and believed that she was not a resident of the State of Georgia. So far as the evidence is concerned, the court was authorized to find this to be the truth, although the plaintiff in error relied upon the circumstance that there was a statement

of Miss Faughnan's residence upon a paper which had at one time been in possession of the plaintiff's counsel, and which they could have read had they desired to do so. Section 5557 of the Code (1910) declares: "In all cases where the residence or abiding-place of the absent or non-resident party is known, the party obtaining the order shall file in the office of the clerk, at least thirty days before the term next after the order for publication, a copy of the newspaper in which said notice is published, with said notice plainly marked; and thereupon it shall be the duty of said clerk at once to enclose, direct, stamp, and mail said paper to said party named in said order, and make an entry of his action on the petition or other writ in said case." The next succeeding section requires the judge, where service by publication is ordered, to determine before trial whether the service has been properly perfected, and to make an order to that effect, which must be entered upon the minutes of the court. As we have stated, we think the evidence was sufficient to authorize the judge to find that neither the plaintiff in the lower court nor his counsel knew the residence of the non-resident defendant.

3. However, even if for any reason the service by publication was defective, the judge was authorized to overrule the motion to dismiss the defendant administratrix from the case. The action is a proceeding quasi in rem, considering the alternative relief prayed for, and not a purely personal one, as argued by counsel for plaintiff in error, in which argument he overlooks the fact that the plaintiff asserts that he is entitled to the possession of the res involved in the case and prays to be put in possession thereof, only asking as an alternative that, if he can not have what he bought, the purchase-price with interest thereon be returned to him. In a case which presents for adjudication the determination of the ownership of a certain described piece of property or a certain fund of money which is within the jurisdiction of the court, all persons interested in the subject-matter are not only proper but necessary parties; and although the administratrix be a non-resident, the court is not deprived of its jurisdiction. Where the res is within the jurisdiction of the court, the court is not deprived of its jurisdiction by reason of the fact that some party interested therein is not within the jurisdiction, if others interested in the subject-matter are properly within the jurisdiction of the court.

*Forrester* v. *Forrester,* 155 *Ga.* 722 (118 S. E. 373). Section 5553 of the Code, which provides for service upon non-residents by publication, and then for service upon the attorney representing a non-resident defendant, concludes with this provision: "In all cases not embraced within the foregoing provisions the judge may prescribe for extraordinary service according to the exigencies of each case." The judge had already declared by order that service had been perfected by publication, and this judgment can not be collaterally attacked.

*Judgment affirmed. All the Justices concur.*

HINES, J., concurring specially. I concur in the result reached in this case. I can not agree to all that is said in the opinion, and in the corresponding headnote. When this case was here before, we held that the petition set forth a good cause of action, and that the trial court properly overruled the demurrer thereto. *Dukes* v. *Bashlor,* supra. For this reason, when a new party was made and the demurrer was renewed by the new party, the trial judge properly overruled the demurrer and refused to dismiss the petition thereon.

One of the defendants filed a motion to dismiss the petition for lack of service upon her. She likewise demurred generally to the petition, but filed the same subject to her motion to dismiss, reserving the right to insist upon this motion. Thereafter the demurrer was heard by the trial judge, and it does not appear that the defendant made any objection to the hearing upon her demurrer, or that she then insisted on her motion to dismiss the petition for want of service. A judgment was rendered by the trial court overruling the demurrer, and thereafter the defendant insisted on her motion to dismiss for want of service. In these circumstances she waived her right to insist upon her motion to dismiss for lack of service, and service was thereby waived. *Savannah &c. Ry. Co.* v. *Atkinson,* 94 *Ga.* 780 (21 S. E. 1010) ; *Americus Grocery Co.* v. *Brackett,* 119 *Ga.* 489 (7) (46 S. E. 657) ; 31 Cyc. 343. For these reasons I concur in the judgment of affirmance. There is nothing which conflicts with this holding in *W. & A. R. Co.* v. *Pitts,* 79 *Ga.* 532 (4 S. E. 921) ; *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593) ; *McFarland* v. *McFarland,* 151 *Ga.* 9 (3) (105 S. E. 596). In those cases it was simply held that a plea to the merits is not a waiver of a timely plea to the jurisdiction or a traverse of the sheriff's return of

service duly filed, where the plea to the merits expressly reserved all rights under the previous plea or traverse. In those cases the question was not involved whether the defendant waived such plea or traverse where there was a hearing on his general demurrer and a decision thereof previously to the disposition of such plea or traverse, apparently without objection on his part. I am authorized to say that Beck, P. J., and Atkinson, J., concur in these views.