### SIMS *v.* SIMS *et al.*

1. Considered in connection with the evidence and the entire charge to the jury, the court did not err in the instruction of which complaint is made in the motion for new trial.
2. The verdict is supported by evidence.

No. 6482. MAY 18, 1928.

Equitable petition. Before Judge Pomeroy. Fulton superior court. January 14, 1928.

*O. C. Hancock,* for plaintiff.

*Jones, Evins, Moore & Powers,* for defendants.

GILBERT, J. Mary E. Sims brought suit against Walter A. Sims and T. J. Brooke, alleging that she was the owner of described

lands which she had conveyed by warranty deed to the first-named defendant to enable him to make a loan on said property, in order that a prior loan might be paid off; that said defendant afterwards transferred his obligation in the matter to Brooke upon being paid money he had advanced, and made to Brooke a warranty deed to said property, with the exception of a certain described part thereof; that Brooke took his deed with the understanding that it was solely to secure a loan by him and a former loan he assumed; that plaintiff has tendered to Brooke all sums due him, and has demanded, as per agreement, that he execute her a reconveyance, which he has refused to do; and that the deed to defendant Sims and the deed to Brooke are a cloud upon plaintiff's title, and Brooke is about to sell said property to other persons. The prayers were that the defendants be enjoined from disposing of the property or incumbering it, and that the two said deeds be canceled upon plaintiff's paying into court the amount due Brooke. The defendants answered, alleging that the conveyances were bona fide warranty deeds, and denying they were made for the purpose of securing a loan. After introduction of evidence, the jury returned a verdict in favor of the defendants. The plaintiff moved for a new trial on the general grounds, and added a special ground setting up that the court erred in charging the jury that unless plaintiff had shown by a preponderance of testimony that she had made a tender to Brooke, or that he had waived the same, she would not be entitled to recover, the criticism being that such charge restricted the jury to a question of tender, whereas the question was whether the warranty deeds were only to secure a debt. The motion was overruled, and plaintiff excepted. The case was formerly here on exceptions to a judgment overruling demurrers. *Sims* v. *Sims,* 162 *Ga.* 523 (134 S. E. 308). The headnotes need not be elaborated.

*Judgment affirmed. All the Justices concur.*