24822. CHAFIN, Conservator v. BURROUGHS.

SUBMITTED SEPTEMBER 12, 1968—DECIDED NOVEMBER 7, 1968—
REHEARING DENIED NOVEMBER 21, 1968.

*Hudson & Stula, Jim Hudson,* for appellant.
*Grady C. Pittard, Jr.,* for appellee.

ALMAND, Presiding Justice. Mrs. Jane Chafin as the duly appointed conservator of the estate of Edward O. Faulkner, a missing person, brought her petition against R. J. Burroughs alleging that he was in possession of a described parcel of land and prayed that she be put in possession of said land. Defendant Burroughs vouched Franklin D. Strickland and Hazel Faulkner Cooper, his predecessors in title, into the case as warrantors of title.

The parties waiving a jury trial, the case was heard by the trial court upon the following stipulation of fact: In October of 1962 Hazel Faulkner (now Cooper) filed a suit for divorce and alimony against Edward O. Faulkner in Madison Superior Court in which she alleged that her husband was a nonresident of the State of Georgia and that his address was unknown to her. She further alleged that he held title to a one-half interest in a 129-acre described tract of land and title to three other described parcels of land all located in Madison County, Georgia. She prayed for a judgment granting her a divorce and decreeing the title to the described parcels of land to her as part of the support of her and her minor children. Upon the filing of this petition, service by publication was ordered by the court and process issued. The clerk certified that a copy of the newspaper in which the notice of suit was filed was mailed to the defendant-husband's last known address. An order was entered on December 10, 1962, reciting that publication of notice as provided by law had been accomplished and that the defendant had been duly served, and directing the Solicitor General of the Northern

Judicial Circuit to represent "said nonresident defendant and his right, title and interest in and to said real property, as regards all questions presented for determination by the court as to the award or disposition of said real property, as described in the plaintiff's petition, in payment or settlement of any and all rights or claims for alimony and child support." On January 21, 1963, the trial court granted Mrs. Faulkner a total divorce and fixed as alimony for the support of Mrs. Faulkner and the children the husband's interests in the described parcels of land thereby decreeing title to said parcels of land to be in Mrs. Faulkner. Subsequently, Mrs. Faulkner conveyed by warranty deed the parcel in question to Franklin D. Strickland, who in turn conveyed the same tract to R. J. Burroughs.

The plaintiff seeks to recover possession of the described tract on the ground that the proceeding in which the divorce was granted and title to the land placed in Mrs. Faulkner, was void on its face because the pleadings and orders in the case show that no service was had upon the defendant-husband. The plaintiff contends that service by publication was by virtue of *Code* § 81-207, as amended (Ga. L. 1946, pp. 761, 771) and under this section service by publication in a divorce case could only be had where the residence of the nonresident *was known* and that the record shows that the residence of the defendant-husband was unknown. While it is true that prior to the Act of 1958 (Ga. L. 1958, p. 315), *Code* § 81-207, as amended (Ga. L. 1946, pp. 761, 771) did provide for mailing a copy of the publication of notice where the residence of the nonresident was known and this court had held that this section only applied where the residence of the nonresident was known (*Faughnan v. Bashlor*, 163 Ga. 525 (2) (136 SE 545)), Section 4 of the 1958 Act (Ga. L. 1958, pp. 315, 317; *Code Ann.* § 81-207) providing for the practice and procedure in divorce and alimony cases repealed *Code* § 81-207, as amended (Ga. L. 1946, pp. 761, 771). Under the amended provisions of *Code Ann.* § 81-207.1 (Ga. L. 1946, pp. 761, 772; Ga. L. 1958, pp. 315, 317; Ga. L. 1963, p. 384) and *Code Ann.* § 81-207.2 (Ga. L. 1946, pp. 761, 772), service by publication may be had in divorce cases where the residence of the nonresident defendant is known or unknown. In the event the

address of the nonresident defendant is known, a copy of the notice is mailed to him.

The record in this case shows that the statutory requirement of service upon nonresident defendants in divorce actions was fully complied with, and the trial court, in the instant case, properly held that the divorce decree was valid, thereby effectively conveying the described property to the wife, Hazel Faulkner.

*Judgment affirmed. All the Justices concur.*