Donald L. Dierkes, Patricia A. Dierkes, *Extrx., etc.*

*v.*

Beatrice M. Dierkes

(No. 14083)

Decided July 15, 1980.

*Mike Magro, Jr. and S. J. Angotti*, for appellant.

*Galbraith, Seibert, Kasserman, Farnsworth, Gillenwater & Glauser, Ronald W. Kasserman and George Seibert*, for appellee.

McGraw, Justice:

Appellee Beatrice Dierkes married Donald Dierkes, now deceased, on February 20, 1954. They separated while residing at Powhatan Point, Ohio during March 1967, and pursuant to the separation, the Court of Common Pleas in Belmont County, Ohio, affirmed an "agreement" between the parties, giving custody of the couple's five children to the wife with provision for the support of the children by Donald Dierkes.

Thereafter in October of 1969, the husband sought to dissolve the marriage, by a divorce complaint filed in the Domestic Relations Court of Kanawha County. He also filed an affidavit that the defendant in the suit, Beatrice Dierkes, was a nonresident of the State of West Virginia. Two orders for service on her by publication were granted on October 7, 1969, and April 22, 1970, and pursuant thereto citation was published in the Charleston Daily Mail on December 5, 12, and 19, 1969, and in the Charleston Gazette on April 25, May 2, and May 9, 1970.

No response was made by the wife. A hearing was then held before a special commissioner and pursuant to the testimony of the husband and his corroborating witness, a final divorce decree was entered on July 23, 1970, based on the finding that the couple had lived separate and apart for more than two years.

On August 7, 1970, Donald and Patricia Dierkes were married, and they had one child. Donald was killed in a building accident that occurred May 19, 1976. His second wife, Patricia, was appointed executrix of his estate.

On July 19, 1976, Beatrice Dierkes, the first wife, petitioned the Circuit Court of Kanawha County to set aside the 1970 divorce decree dissolving her marriage to Donald Dierkes. Her motion alleged that:

"1. Defendant was not served with a copy of the Summons and Complaint by first-class mail or otherwise, addressed to her place of residence outside the State of West Virginia as prescribed by the terms and provisions of Rule 4 (e) (1) of the West Virginia Rules of Civil Procedure.

"2. Plaintiff, who is now deceased, knew of the residence of the Defendant during his lifetime and throughout all times pertinent herein during the proceedings of this Civil Action.

"3. Plaintiff separated from Defendant at Powhatan Point, Ohio, in the year, 1967, and since that time said Plaintiff has visited Defendant and the infant children of the parties at said residence and said Plaintiff, now deceased, has

sent periodic support payments for the infant children of the parties to the residence of the Defendant up to the time of Plaintiff's death.

"4. The residence of the Defendant herein has not changed from the time of the separation of the parties in 1967, which fact was known to said Plaintiff.

"5. The Defendant herein did not receive any knowledge of the divorce proceeding and had no actual knowledge thereof nor any type of knowledge whatsoever constructive or otherwise.

"6. The action of the Plaintiff, Donald L. Dierkes, now deceased, constitutes a fraud upon the Court and upon the Defendant herein.

"7. The judgment herein evidenced by said Order of July 23, 1970, is void."

A hearing was held on the motion defended by Patricia Dierkes, individually and as executrix under the last will and testament of Donald Dierkes. The trial court heard testimony on the issues of whether Beatrice Dierkes had received formal notice of the divorce proceeding, and whether she had actual knowledge thereof so as to be barred by laches from attacking the divorce decree six years later. The court concluded that the evidence showed that "the plaintiff, Donald L. Dierkes, had personal knowledge of the residence of the defendant, Beatrice M. Dierkes, the petitioner. He did not disclose this information to the Clerk of the Court. The Clerk did not serve the petitioner by mailing a copy of the summons and complaint by first-class mail addressed to her place of residence as required by Rule 4(e)(1). As a matter of law the final order of divorce entered July 23, 1970 is void."

On the issue of laches, the court found that the evidence was "diametrically opposite, equal in weight and credibility, and [did] not preponderate in favor of either party...." Then because the respondent, Patricia Dierkes, failed to meet her burden of proving laches, and because the divorce decree was found void as a matter

of law, the motion to set aside the decree was sustained. An order was entered in favor of Beatrice Dierkes. Subsequent to the entry of that order, Patricia Dierkes, the second wife and appellant here, filed a motion to reopen the case for the purpose of hearing additional evidence not available to her at the time of the first hearing; the additional evidence was in the form of testimony going to the issue of whether Beatrice Dierkes had actual knowledge of the divorce proceeding. By order entered August 10, 1977, the court denied the motion to reopen made pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure on the ground that the evidence sought to be introduced would be cumulative and additional. The appellant, Patricia Dierkes, second wife of the deceased, appeals from both the March 7, 1977 order setting aside the 1970 divorce decree, and the August 10, 1977 order denying her motion to reopen the case. We affirm.

Constructive process under *W.Va. R.C.P.* 4(e)(1) is available to the plaintiff in a divorce proceeding by virtue of *W.Va. R.C.P.* 81. The manner in which constructive service is to be made is prescribed in Rule 4(e)(1) which provides in pertinent part:

"(1) *Service by Publication; When Service by Mail Required.* If the plaintiff shall file with the court an affidavit: * * * (B) that the defendant is a nonresident of the State ... the clerk shall enter an order of publication against such named and unknown defendants. *And, where the residence of a nonresident defendant ... is known to the plaintiff, the clerk shall serve such defendant by mailing a copy of the summons and of the complaint by first-class mail to such defendant, addressed to his place of residence....* Service by mail is complete upon mailing the copy of the summons and of the complaint, and the clerk shall make proof thereof by endorsing on the back of the summons the date of mailing and the name and address of the defendant to whom he mailed such copy of the summons and of the complaint. If service is not made by mail, the plain-

tiff shall file a copy of the complaint in the clerk's office for the defendant." [Our emphasis].

Our research reveals that this Court has never reached the precise issue involved in the instant case; i.e., whether failure to comply with the mailing aspect of Rule 4(e)(1) on constructive service of process will void an otherwise valid divorce decree. Most courts faced with the question hold that strict compliance with constructive service statutes is essential to give a court jurisdiction to grant a divorce. And when the rule or statute requires that a copy of the summons and complaint be mailed to the out-of-state defendant in addition to publication, and the mailing requirement is not complied with, the service is void. *See*, 24 Am. Jur.2d *Divorce and Separation*, §§ 284,286 (1966). *See also, Polansky v. Richardson*, 351 F. Supp. 1066 (E.D.N.Y. 1972); *Crook v. Crook*, 19 Ariz. 448, 170 P.280 (1918); *Warren v. Warren*, 43 Del. 399, 47 A.2d 795 (1946); *Mayo v. Mayo*, Fla. App., 344 So.2d 933 (1977); *Chafin v. Burroughs*, 224 Ga. 774, 164 S.E.2d 826 (1968); *Strode v. Strode*, 6 Idaho 67, 52 P. 161 (1898); *Arnold v. Arnold*, 60 Mich. App. 89, 230 N.W.2d 280 (1975); and *Leichty v. Kansas City Bridge Co.*, 354 Mo. 629, 190 S.W.2d 201 (1945), *cert. denied*, 327 U.S. 782, 66 S.Ct. 682, 90 L.Ed. 1009 (1945).

We agree with these courts which hold that constructive process statutes must be strictly followed. Although it was not an issue on appeal, we intimated as much in *Brinkley v. Brinkley*, 147 W.Va. 557, 129 S.E.2d 436 (1963) where the selection of a special judge in a divorce proceeding was at issue. The divorce was instituted by constructive service, but the clerk did not mail a copy of the summons to the defendant "in order to comply with the provisions of Rule 4 (e) of the West Virginia Rules of Civil Procedure." The Court pointed out that one of the problems with the selection of the special judge and one of the reasons the court failed to acquire jurisdiction was that the selection was made before "service of process by order of publication was obtained or completed . . . as required by Rule 4 (e) R.C.P."

Thus, under *W.Va. R.C.P.* 4(e)(1) and our decision here today holding that this rule must be strictly complied with, Beatrice Dierkes, the second wife of the deceased and appellee here, alleged facts in her petition which, if proven, clearly show that she was not legally served in the divorce proceeding instituted by Donald Dierkes. After reviewing the record in this case, we find that the trial court was authorized to find that no copy of the summons and complaint was mailed to Beatrice Dierkes by the clerk of the court. Mrs. Dierkes testified that she did not receive the copy; the clerk testified that the record itself showed that no copy of the summons and complaint had been mailed; and that the address of the defendant had not been supplied to the clerk even though the deceased had actual knowledge of such address in Powhatan Point, Ohio.

There is no merit in appellant's contention that Beatrice Dierkes' action to set aside the divorce is barred by the two year limitation period of W.Va. *Code,* 56-3-26; the decree in question here was void because the court lacked jurisdiction due to insufficient service of process and a void judgment or decree is a mere nullity and may be attacked at any time. *Aldrich v. Aldrich,* 147 W.Va. 269, 127 S.E.2d 385 (1962); *Cable v. Cable,* 132 W.Va. 620, 53 S.E.2d 637 (1949). *Accord, State ex rel. Cecil v. Knapp,* 143 W.Va. 896, 105 S.E.2d 569 (1958) and cases cited therein.

Appellant also contends that Beatrice Dierkes is barred by laches from asserting her claim that the divorce decree should be set aside. We agree that laches can be a defense to an action attacking the validity of a divorce decree. *Watson v. Watson,* 235 Ga. 136, 218 S.E.2d 863 (1975); Restatement of Judgments § 127 (1942). *See also Brandt v. Brandt,* 76 Ariz. 154, 261 P.2d 978 (1953); *Wendell v. Wendell,* 111 Cal. App.2d 899, 245 P.2d 342 (1952); *Forest v. Forest,* 9 Ill. App.3d 111, 291 N.E.2d 880 (1973); *Pryor v. Pryor,* 240 Md. 224, 213 A.2d 545 (1965); *Van DeRyt v. Van DeRyt,* 6 Ohio St.2d 31, 215 N.E.2d 698 (1966); *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938); Annot., 12 A.L.R.2d 162 (1950) and (1971). Laches is an

equitable defense and the party seeking to set aside a divorce decree may be barred thereby. 24 Am. Jur.2d *Divorce and Separation,* § 468 (1966). Thus, if facts constituting laches are proven, a complaining party may be denied the right to proceed against a decree because of the failure to take prompt action.

In the case before us, the trial court found that Patricia Dierkes did not meet her burden of proof with regard to proving laches on the part of Beatrice Dierkes. The findings of a trial court are afforded the same weight as the verdict of a jury, and such findings of fact will not be set aside unless they are plainly wrong, against the preponderance of the evidence or without evidence to support them. *A. W. Cox Dept. Store Co. v. Cox's Inc.,* 159 W.Va. 306, 221 S.E.2d 539 (1976). Applying this standard to the facts of the instant case, we conclude that the trial court was correct in its findings.

Appellant Patricia Dierkes' second assignment of error is that the trial court erred in overruling her motion based on *W.Va. R.C.P.* 60(b) to introduce new evidence not available to her at the time of trial. The court found that the evidence would be merely additional and cumulative. Having reviewed the record and pertinent facts, we cannot conclude that the additional evidence would not have tilted the weight of proof going to the issue of whether Beatrice Dierkes actually had knowledge that her husband, Donald, had obtained a divorce from her. Therefore, we remand the case for the taking of further evidence on this issue.

For the reasons set forth above, we affirm in part; reverse in part; and remand for the taking of additional evidence.

> *Affirmed in part;*
> *reversed in part;*
> *and remanded.*