## BANK OF FLORAL CITY *v.* WARNOCK.

ATKINSON, J. An action was instituted in the superior court against a corporation of another State, alleging, that, in pursuance of the provisions of a described "mortgage deed" which the defendant held as transferee, the defendant, acting through a named person as agent, at a stated time and place caused described land to be put up and sold at public outcry; that the plaintiff became the purchaser at a designated price, which was less than the real value of the land, that after the property was knocked off to him he offered to comply with his bid and tendered all of the money demanded by the terms of the sale, but the defendant refused to execute the deed; and that the defendant or some one for it has the legal title. The first prayer was for discovery. The second was that the defendant be required to execute to the plaintiff a good and sufficient title to the land, and specifically perform its obligation to the plaintiff, "or" that the plaintiff have judgment against the defendant for the difference between the purchase-price and the value of the land; and that process issue requiring the defendant to appear at the next term of court "to answer this complaint." It was further prayed that the judge issue an order for service upon the defendant by publication, as provided in such cases. Process was issued, and the sheriff made a return of non est inventus. The judge issued an order for service upon the defendant by publication, and a notice was published. At the appearance term the defendant filed a motion to dismiss the action, on the ground that it appeared on the face of the record that defendant was a non-resident, and that the only service upon it was constructive service and the only judgment sought against it was a judgment in personam, and, under the State and Federal constitutions, the court could not acquire jurisdiction to render against it such a judgment based on mere constructive service. Subject to the motion to dismiss, the defendant filed a plea to the jurisdiction, a plea in abatement, a demurrer upon general and special grounds, and an answer. Owing to a mistake as to the time when the court would convene, counsel for the defendant did not appear at the trial. When the case was called, counsel for the plaintiff was allowed to proceed in the absence of any one appearing for the defendant. After introduction of evidence, on direction of the court the jury returned a verdict "for the plaintiff, and that the defendant be required to make and execute to the plaintiff title to the land in dispute." The judge entered a decree ordering "that the defendant make and execute to W. J. Warnock, or his

assigns, good and sufficient title to the land in dispute, as set out by plaintiff in his suit." Error was assigned upon the direction of the verdict and upon the decree. *Held:*

1. There being no prayer for general relief, the only relief sought was to require the defendant to specifically perform the contract by executing a deed to the plaintiff, or, in lieu thereof, that the plaintiff have a money judgment against the defendant. The verdict was for specific performance of the contract, and the decree was to the same effect.

2. The relief sought, and that which was granted, was only such as operates against the person. The court was without jurisdiction to render a decree granting it, based upon mere constructive service. *Hamil* v. *Flowers*, 133 *Ga.* 216 (65 S. E. 961).

3. The want of jurisdiction appearing on the face of the pleadings, the verdict for the plaintiff was contrary to law.

4. It is unnecessary to deal with other assignments of error contained in the bill of exceptions.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 18, 1915.

Equitable petition. Before Judge Rawlings. Toombs superior court. May 27, 1914.

*E. J. Giles, G. W. Lankford,* and *Wilson, Bennett & Lambdin,* for plaintinff in error. *Cowart & Brown,* contra.