## JACKSON *v.* JACKSON.

A petition for recovery of permanent alimony, and for injunction and receivership, alleging that the defendant husband did not reside in Georgia but was a resident of Indiana, and personal service could not be had upon him, that at one time he had been in possession of certain land in Fulton County and owned a farm near Commerce, Georgia, that this property had been conveyed to his two sons (who were made defendants to this suit), which conveyance, though nominally on consideration of love and affection, was without consideration and made for the purpose of defeating the claim for alimony, and praying for judgment in rem against the property for the amount of alimony decreed, and for service upon the husband by publication, was not subject to demurrer. (Two JJ. dissent.)

No. 5588. APRIL 15, 1927.

Equitable petition. Before Judge E. D. Thomas. Fulton superior court. May 19, 1926.

*Winfield P. Jones,* for plaintiff in error.

*Fuller & Bell,* contra.

GILBERT, J. Mary Jackson brought suit against G. J. Jackson Sr. (her husband), G. J. Jackson Jr., and Ernest Jackson, alleging that her husband had deserted her, and praying the recovery of alimony against him. Her suit disclosed that the husband was not a resident of the State of Georgia, but, at the time suit was filed, was a resident of Indianapolis, Indiana, and that service could not be had upon him. In support of her claim for alimony she alleged that at one time her husband had been in possession of a certain tract of land in Fulton County, which was described, and that he owned a farm near Commerce, Georgia; that this property had been conveyed to the two sons of the husband, defendants to the suit; and that the conveyance to them was made without consideration and for the purpose of defeating her claim for alimony. The consideration named in the deed is

Husband and Wife, 30 C. J. p. 1086, n. 11, 13.

"love and affection." The plaintiff prayed for service upon her husband by publication, that the conveyance from him to his sons be set aside, that she be granted permanent alimony, and that a judgment in rem for 'the amount of alimony decreed be rendered against the property. She also prayed for injunction and other relief. G. J. Jackson Jr. filed general and special demurrers to the petition. The plaintiff subsequently amended her suit, praying for the appointment of a receiver to hold the property described in the original petition, and for a rule requiring defendants to show cause why a temporary receiver should not be appointed. To the amendment and to the petition as amended the above-named demurrant renewed his demurrers. On the hearing the court overruled the demurrers, and the said demurrant excepted. *Held,* following the case of *Forrester* v. *Forrester,* 155 *Ga.* 722 (118 S. E. 373, 29 A. L. R. 1363), that the court did not err in overruling the demurrers to the plaintiff's petition as amended. The request to review and overrule the *Forrester* case is denied. *Judgment affirmed. All the Justices concur, except*

BECK, P. J., and HILL, J., dissenting. The ruling made in this case involves the holding that the deed from the defendant in the suit to his sons could be set aside without making the grantor in the deed a party, with personal service upon him of the suit. Service by publication was not sufficient. *Hood* v. *Hood,* 130 *Ga.* 610 (61 S. E. 471). The decision in the *Hood* case is fortified by the citation of a large number of cases. See also the case of *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593). The opinion in the case of *Forrester* v. *Forrester,* 155 *Ga.* 722 (supra), was rendered by a divided court, the judgment in that case being affirmed by four Justices, with two dissenting. Consequently the *Forrester* case is not controlling, and should not be followed. In our opinion the doctrine there laid down is not sound.