## EDWARDS MANUFACTURING COMPANY v. HOOD.

ATKINSON, J. 1. Equity jurisdiction extends to protection and relief of parties, where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong, or relieving for injuries done. Civil Code (1910), § 4519. In so far as the case may relate to anticipated breach of the contract by defendant, the evidence was sufficient to show ground for such anticipation.

2. The contract of sale of capital stock in a corporation involved in this case contained stipulations imposing mutual obligations between the parties. One obligation of the vendor to the vendee was that in a certain contingency involving loss to the corporation the vendor would pay a certain proportion of the loss. Failure to pay the loss would materially affect the value of the stock. Before the controversy arose, the contingency had so far developed as to render the loss imminent. In these circumstances refusal of the vendee to perform his stipulated obligations to the vendor at the specified time would not prevent him from complaining in equity on the ground of reasonable apprehension of the vendor's breach of his obligation to the vendee. Although the defendant was a non-resident of this State, equitable jurisdiction did not depend alone upon the fact of such non-residence. The fact of defendant's solvency was insufficient to defeat the jurisdiction.

3. As a general rule, where a non-resident upon whom personal service of the process of the courts of the State can not be made, the courts of the State can not bind him by a personal judgment based on constructive service. *Hood* v. *Hood,* 130 *Ga.* 610 (61 S. E. 471); *Hamil* v. *Flowers,* 133 *Ga.* 216 (65 S. E. 961). But if he has property in the State that is subject to seizure for his obligations to a resident plaintiff, the courts will, in a proper case and upon proper pleadings, seize the property and administer it for the benefit of the plaintiff. This principle is recognized in *Hood* v. *Hood,* supra, and has been ruled and applied in *Forrester* v. *Forrester,* 155 *Ga.* 722 (2) (118 S. E. 373, 29 A. L. R. 1363); *Donalson* v. *Bridges,* 162 *Ga.* 502 (134 S. E. 302); *Faughnan* v. *Bashlor,* 163 *Ga.* 525 (1b) (136 S. E. 545); *Jackson* v. *Jackson,* 164 *Ga.* 115 (137 S. E. 827). See also Ward v. Arrendondo, 1 Hopkins' Ch. (N. Y.) 213 (14 Am. D. 543); Felch v. Hooper, 119 Mass. 52; Wyatt v. Greer, 4 Stewart and Porter (Ala.), 318.

4. The main purpose of this suit is to enforce the obligations of the defendant to the plaintiff, arising out of the same contract between them. These obligations relate to the property which is the subject-matter of the contract and which is within the jurisdiction of the court. The plaintiff can not at law, in the courts of this State, enforce the obligations to him under the contract, because the defendant is a non-resident and can not be served personally, but, the subject-matter of the controversy being in this State, he may apply to the court of equity to seize the property and dispose of it in such manner as will do complete justice between the parties with respect to their mutual obligations relating to the property.

5. Under application of the foregoing principles to the pleadings and evi-

145

dence, the judge did not err, for any reason assigned in the bill of exceptions, in granting a temporary injunction against the resident defendant, and in appointing a receiver for the property.

6. The petition and prayers were sufficient to comprehend the relief above indicated. It would not affect the ruling in the fifth division if some of the prayers were for relief that could not be granted. *Hamil* v. *Flowers*, supra.

*Judgment affirmed. All the Justices concur except Beck, P. J., and Hill, J., who dissent.*

No. 6202. SEPTEMBER 22, 1928.

*Alston, Alston, Foster & Moise,* for plaintiff in error.

*Bryan & Middlebrooks,* contra.

BECK, P. J. and HILL, J. We dissent from the judgment in this case, and are of the opinion that the principle ruled in the case of *Tennessee Fertilizer Co.* v. *Hand,* 147 *Ga.* 588 (95 S. E. 81), required a different judgment, under the facts in the present case.