WATTERS *v.* SOUTHERN BRIGHTON MILLS *et al.*

18

No. 6445.   FEBRUARY 13, 1929.

20

*W. J. Nunnally* and *Dean & Camp,* for plaintiff.
*Willingham, Wright & Covington,* for defendants.

ATKINSON, J. ■ This is a case in which a verdict and decree for specific performance of an executory contract for sale of land located in this State, based on substituted service on a non-resident vender, not excepted to when rendered, was subsequently attacked in a petition by the vendor to set aside the verdict and decree. That petition was dismissed on demurrer. One question is whether the verdict and decree for specific performance, based solely on service by publication, were outside of the jurisdiction of the court, and consequently void as against the vendor. The recent· case of *Edwards Mfg. Co.* v. *Hood,* 167 *Ga.* 144 (145 S. E. 87), was an

equitable action instituted by a vendee against a non-resident vendor and a resident bank holding for collection for the account of the vendor a certain purchase-money note with collaterals attached, in which anticipated breach of the contract of sale was alleged. The object of the suit was to impound and administer the note and its collaterals, for the protection of the vendee. At an interlocutory hearing the bank was enjoined from disposing of the note and collaterals, and a receiver was appointed to take charge of the papers. The vendor having excepted, this court ruled as follows: "As a general rule, where a non-resident upon whom personal service of the process of the courts of the State can not be made, the courts of the State can not bind him by a personal judgment based on constructive service. *Hood* v. *Hood,* 130 *Ga.* 610 (61 S. E. 471, 19 L. R. A. (N. S.) 193, 14 Ann. Cas. 359); *Hamil* v. *Flowers,* 133 *Ga.* 216 (65 S. E. 961). But if he has property in the State that is subject to seizure for his obligations to a resident plaintiff, the courts will, in a proper case and upon proper pleadings, seize the property and administer it for the benefit of the plaintiff. This principle is recognized in *Hood* v. *Hood,* supra, and has been ruled and applied in *Forrester* v. *Forrester,* 155 *Ga.* 722 (2) (118 S. E. 373, 29 A. L. R. 1363); *Donalson* v. *Bridges,* 162 *Ga.* 502 (134 S. E. 302); *Faughnan* v. *Bashlor,* 163 *Ga.* 525 (1 *b*) (136 S. E. 545); *Jackson* v. *Jackson,* 164 *Ga.* 115 (137 S. E. 827). See also Ward *v.* Arrendondo, 1 Hopk. Ch. (N. Y.) 213 (14 Am. D. 543); Felch *v.* Hooper, 119 Mass. 52; Wyatt *v.* Greer, 4 Stewart & P. (Ala.) 318. . . The main purpose of this suit is to enforce the obligations of the defendant to the plaintiff, arising out of the same contract between them. . . The plaintiff can not at law, in the courts of this State, enforce the obligations to him under the contract, because the defendant is a non-resident and can not be served personally; but, the subject-matter of the controversy being in this State, he may apply to the court of equity to seize the property and dispose of it in such manner as will do complete justice between the parties with respect to their mutual obligations relating to the property." The relief sought in that case was not a judgment at law upon a pure money demand based on constructive service, but involved relief against the vendor on equitable principles, to prevent his collection of the note and collaterals which were within this State and within the jurisdiction of the court, and

to adjust the rights of the parties with reference to such property under the contract. The relief sought was in the nature of specific performance of the contract of sale.

In Arndt v. Griggs, 134 U. S. 316 (10 Sup. Ct. 557, 33 L. ed. 918), it was held: "A State may provide by statute that the title to real estate within its limits shall be settled and determined by a suit in which the defendant, being a non-resident, is brought into court by publication. The well-settled rules, that an action to quiet title is a suit in equity, that equity acts upon the person, and that the person is not brought into court by service by publication alone, do not apply when a State has provided by statute for the adjudication of titles to real estate within its limits as against non-residents, who are brought into court only by publication." This decision rests upon the principle that a State has inherent power to make and enforce laws for regulation and control of property that is within the limits of the State. In the opinion the court commented upon the decision in Boswell's Lessee v. Otis, 9 How. 336, 348 (13 L. ed. 164), and quoted approvingly therefrom the following: "'Jurisdiction is acquired in one of two modes: first, as against the person of the defendant, by the service of process; or, secondly, by a procedure against the property of the defendant within the jurisdiction of the court. In the latter case the defendant is not personally bound by the judgment, beyond the property in question. And it is immaterial whether the proceeding against the property be by an attachment or bill in chancery. It must be substantially a proceeding in rem. A bill for the specific execution of a contract to convey real estate is not strictly a proceeding in rem, in ordinary cases; but where such a procedure is authorized by statute, on publication, without personal service or process, it is substantially of that character.'"

In *Harris* v. *Palmore, 74 Ga. 273*, it was said: "1. Where a bill was filed in this State, alleging the purchase of land therein, the payment of the purchase-money, a refusal by the vendor to make a title to the vendee, and that the former was a non-resident of the State, and seeking to enforce the purchase and quiet the title and possession, the rule that a defendant in equity in this State must be sued in the county of his residence is inapplicable; and the question of jurisdiction is, whether any court of equity in the State has jurisdiction. . . In such a case a court of equity of

this State has jurisdiction to settle the title and to quiet the possession; and a suitor will not be forced into a foreign jurisdiction to settle the title to lands in this State. . . While such a bill may have contained a prayer for specific performance, and that the non-resident defendant be required to make a title to complainant, yet where it also contained a prayer for general relief, a court of equity of this State may grant such relief by a decree that the land is complainant's. . . The court of equity of the county where the land lies has peculiar jurisdiction of such an equitable proceeding in rem." It is provided by statute in Georgia: "All equity jurisdiction in this State is vested in the superior courts of the several counties." Civil Code (1910), § 4518. "Specific performance of a contract (if within the power of the party) will be decreed, generally, whenever the damages recoverable at law would not be an adequate compensation for the non-performance." § 4633. "A superior court has full power to mould its decrees so as to meet the exigencies of each case; and shall have full power to enforce its decrees when rendered." § 5426. "A decree for specific performance shall operate as a deed to convey land or other property without any conveyance being executed by the vendor. Such decree, certified by the clerk, shall be recorded in the registry of deeds in the county where the land lies, and shall stand in the place of a deed." § 5425. Also, "where any non-resident . . claims or owns title to, or an interest, present or contingent, in any real or personal property in this State, service on such non-resident . . may be made by publication in cases affecting such property where proceedings are brought: . . To enforce, by decree for specific performance, any contract in reference thereto." Acts 1895, p. 42. Civil Code (1910), § 5554.

The foregoing statutes afford the courts of equity authority to decree, which authority is as ample to decree specific performance of contracts against non-resident vendors upon service by publication, relatively to property within the limits of this State, to the extent that in a proper case made the decree shall operate as a conveyance of the property to the vendee, as the statutes provide for the subjection of property in this State of non-resident persons by seizure under a writ of attachment and the like, without personal service, for collection of debts. In such cases the judgment will be binding upon the non-resident in so far as it relates to the specific

property that is proceeded against, but it will not be binding against the non-resident personally relatively to other property. Of course if he should be served personally while in this State or appear and defend or otherwise should waive or acknowledge service, the jurisdiction would also extend to his person, and the judgment would bind him generally. So in a suit in equity against a non-resident of the State, for specific performance of a contract for sale of land located in this State, the land is mainly the thing that is proceeded against, and the court may have jurisdiction based on service by publication on the non-resident vendor, to decree, in a proper case made, that the title shall vest in the vendee and to adjust all the equities between the parties with respect to the property proceeded against. In such case where the proceeding is authorized by statute, the only additional inquiry would be whether the statute afforded reasonable time after publication of the notice for the non-resident defendant to appear and make his defense. If the time prescribed should be unreasonable and inadequate for such purpose, the defendant would not have been afforded due process of law as provided in the State and Federal constitutions. Roller *v.* Holly, 176 U. S. 398 (3) (20 Sup. Ct. 410, 44 L. ed. 520). In this case, however, even if the time had been insufficient, there was no such attack on the constitutionality of the statutes.

In the suit for specific performance in question, the land was located in Floyd County, Georgia, where the suit was brought. The contract provided that upon payment of a specified purchase-price within a designated time, the vendor would convey the property to the vendee with general warranty of title. The contract did not mention an outstanding security deed to the land executed by the vendor to a bank whose principal office was in the county where the land was located, which in fact existed. The petition in the suit for specific performance addressed to the superior court of the county where the land was located was brought in the name of the vendee and a corporation in whose interest it was alleged that the purchase was made. It was brought against the vendor and the bank, and it was alleged that it was necessary to pay off the bank to enable the vendor to convey a good title to the property; also that the vendor concealed herself to prevent a lawful tender of the purchase-price from being made, and consequently that the vendee tendered the amount of the purchase-price in court.

There were prayers that the amount due by the vendor to the bank be ascertained, and that the same be paid from the fund tendered to the court, and that the security deed be canceled as an encumbrance upon the property; also that the plaintiff have judgment for attorney's fees and costs payable from the same fund that was tendered in court, and that the balance of the fund be paid to the vendor, and that title to the property be decreed to be in the corporation in whose interest the purchase was made. A verdict and decree were returned, conformably to the prayers, which were substantially as indicated above. The pleadings and verdict and decree being of the character stated, the court of equity would have jurisdiction, under the principles hereinabove stated, to render the verdict and decree as against the non-resident vendor, based alone on service by publication. Sufficient has been said to show that the case differs on its facts from the cases of *Hamil* v. *Flowers,* 133 *Ga.* 216 (supra), *Bank of Floral City* v. *Warnock,* 144 *Ga.* 117 (86 S. E. 249), and *Reeves* v. *Tarnok,* 161 *Ga.* 838 (131 S. E. 891). The decisions in those cases do not require a different decision in this case.

The rulings announced in headnotes two to seven, inclusive, do not require elaboration.

*Judgment affirmed. All the Justices concur.*