BLOUNT *v.* METROPOLITAN LIFE INSURANCE CO. *et al.*

No. 13171. APRIL 9, 1940. REHEARING DENIED MAY 17, 1940.

*Edward F. Taylor,* for plaintiff.
*Jones, Jones & Sparks,* for defendants.

JENKINS, Justice. A divorced wife brought her equitable petition in Bibb County, the place of her residence, against a New York

insurance company doing business in Georgia and having an office and place of business in that county, as the insurer in a twenty-year endowment policy for $500, which was held by the petitioner, and which had been procured by the husband on her life in 1923 while they lived together as man and wife and as residents of New York. The policy was payable at the home office of the company to the petitioner on December 24, 1943, if she should then be in life; otherwise at her death to the husband as the irrevocable beneficiary. The former husband, as such beneficiary, was made a party defendant. It was alleged, that when he took out the policy on her life he agreed with her to pay the premiums thereon, amounting to $12.31 semi-annually; but that upon his failure to pay the first premium it was agreed that she should hold the policy in her possession until he repaid her for this and any subsequent premiums which she might pay; that under this agreement she paid the first and has paid all subsequent premiums; that he has paid nothing to the company or to her; that in equity and good conscience he is entitled to no interest or benefit under the policy; that by reason of the divorce decree he no longer has any insurable interest in her life, and by reason of threats to kill her, which he made before their separation, his continuance as beneficiary constitutes a menace. The petition asked that her non-resident former husband be served by publication (which was done) ; and that a decree be entered, excluding him "from any interest, right, claim, or demand under said policy." There was a further prayer that the policy be reformed by striking therefrom the name of the husband, so that the policy would be payable to her estate in case of her death before December 24, 1943; and that she have such other and further relief as may be proper. She excepted to the dismissal of her petition upon the demurrer filed by the insurance company, on the ground that the beneficiary husband "is not within the jurisdiction of the court, and can not be brought" therein, or subjected to such jurisdiction "by the attempted service upon him . . by publication." The company was personally served in Georgia, and raised no question of jurisdiction as to itself. *Held:*

1. While "the courts of this State have no extraterritorial jurisdiction and can not make citizens of other States amenable to their process, or conclude them by a judgment *in personam* without their consent," or unless such a defendant has expressly or impliedly

waived jurisdiction (*John Hancock Mutual Life Insurance Co.* v. *Baskin,* 179 *Ga.* 86 (2), 175 S. E. 251; *Fain* v. *Nix,* 189 *Ga.* 772, 7 S. E. 2d, 733; *Hood* v. *Hood,* 139 *Ga.* 610, 612, 61 S. E. 471, 19 L. R. A. (N. S.) 193, 14 Ann. Cas. 359; *Grimmett* v. *Barnwell,* 184 *Ga.* 461, 462, 192 S. E. 191, 116 A. L. R. 257), yet where the subject of the suit relates to an actionable interest or claim by the plaintiff in real or personal property located in this State, a court of equity of this State will have jurisdiction to render a decree *in rem* with respect to the particular property involved, so as to exclude the adverse interest of a non-resident who has been made a party to the proceeding, and who has been served by publication as provided by statute. *Edwards Mfg. Co.* v. *Hood,* 167 *Ga.* 144 (2-4) (145 S. E. 87), and cit.; *Watters* v. *Southern Brighton Mills,* 168 *Ga.* 15 (147 S. E. 87); *Hamil* v. *Flowers,* 133 *Ga.* 216, 220 (65 S. E. 961); *Harris* v. *Palmore,* 74 *Ga.* 273; *Irons* v. *American National Bank,* 178 *Ga.* 160 (5), 178 (172 S. E. 629); *Bradley* v. *Simpson,* 189 *Ga.* 316 (4) (5 S. E. 2d, 893, 895); Pennoyer *v.* Neff, 95 U. S. 714, 723 (24 L. ed. 565); Arndt *v.* Griggs, 134 U. S. 316 (10 Sup. Ct. 557, 33 L. ed. 918); Code, §§ 81-205 et seq.

2. Applying the foregoing principles to the instant case, the gist and purpose of the petition was not to obtain a personal judgment against the non-resident defendant, but was merely to exclude any interest which he might claim in the particular policy of insurance.

3. The fact that the policy had been issued in another State where the insured and the beneficiary then resided, or the fact that it was payable at the home office of the insurance company in a foreign State, would not operate to fix the status of the policy, as personal property, in a State other than the one where it was actually held and possessed by the insured, a resident of the county where the suit was brought. Morgan *v.* Mutual Benefit Life Insurance Co., 189 N. Y. 447 (82 N. E. 438); New England Life Insurance Co. *v.* Woodworth, 111 U. S. 138 (4 Sup. Ct. 364, 28 L. ed. 379); Sulz *v.* Mutual Reserve Fund Life Association, 145 N. Y. 563 (40 N. E. 242); N. Y. Life Insurance Co. *v.* Smith (U. S. C. C. A.), 67 Fed. 694 (certiorari denied, 159 U. S. 262); Rice *v.* Metropolitan Life Ins. Co., 152 Ark. 498 (238 S. W. 772); Ward *v.* Arredono (N. Y.), 1 Hopkins Ch. 213 (14 Am. D. 543). In the Morgan case, jurisdiction was upheld where the policy was in

the State under control of the court, even though the insurance company was a non-resident and the policy was payable at the home office. In the Smith case, an administrator was appointed in Illinois, where the insured had lived and died; but a suit by an administratrix appointed in California was held maintainable in that State, where she held possession of the policy.

4. "This court sits to review *rulings* of the trial courts, and it will not pass upon questions on which no ruling has ever been made by the trial judge" (*Bourquin* v. *Bourquin,* 110 *Ga.* 440, 442, 35 S. E. 710), unless the judgment sought to be reversed "was one which he ought to have made, and which it would have been error for him not to have made, [when] the whole case, as disclosed by the record, can . . be considered in determining whether such ruling should be affirmed," as in certain cases where "a right judgment, though for a wrong reason, has been affirmed under the facts there appearing," or where "verdicts which were demanded by the evidence have been sustained in spite of errors in the rulings of the court," or where "first grants of new trials have been upheld, where the evidence did not demand the verdict, although the . . judge mentioned a wrong ground in connection with his ruling." *Neal* v. *Davis Foundry & Machine Works,* 131 *Ga.* 701, 706 (63 S. E. 221). Even if the absence of jurisdiction, appearing on the face of a petition, "may be raised by general demurrer complaining that the petition fails to allege a cause of action for the relief sought" (*Coleman* v. *Thomasson,* 160 *Ga.* 81, 85, 127 S. E. 129; *Ruis* v. *Lothridge,* 149 *Ga.* 474 (2), 100 S. E. 635; *Cone* v. *Davis,* 179 *Ga.* 749 (4), 177 S. E. 558), no converse of such a rule obtains, that a demurrer, limited to an attack on the jurisdiction, will include the general ground that the petition states no cause of action or shows no ground for equitable relief. Accordingly, the judge having dismissed the petition on the sole ground of demurrer that the non-resident defendant was not properly before the court under the service made by publication, and not having passed on the merits of the petition, it would not be proper for this court to do so, and no adjudication is made with reference thereto.

*Judgment reversed. All the Justices concur.*