19080. LITTLE *v.* KING *et al.*

DUCKWORTH, Chief Justice. The petition against a nonresident executrix and her resident bondsman, seeking in a court of equity to set aside a judgment of a court of ordinary discharging the executrix and setting up an alleged breach by the testator of a contract by the terms of which the petitioner was, for services to be rendered, to receive the entire estate, and seeking specific performance of the contract or damages for a breach thereof, was served upon the bondsman personally and upon the nonresident executrix by publication. The demurrer of the executrix upon the ground of want of jurisdiction was sustained, and the demurrer of the bondsman upon the ground of no necessary parties was sustained and the petition was dismissed. The exception here is to these two judgments. *Held:*

There can be no serious challenge of the assertion that, in order to set aside the judgment here assailed upon the ground that it was procured by fraud, all the parties to that judgment, which includes the discharged executrix, are necessary parties. *Sewell* v. *Anderson,* 197 *Ga.* 623 (30 S. E. 2d 102); *Saliba* v. *Saliba,* 202 *Ga.* 279 (42 S. E. 2d 748). It is equally well settled that, in order for the courts of this State to bind nonresidents by their judgments in personam, there must be personal service or waiver of personal service upon such nonresidents. *Hood* v. *Hood,* 130 *Ga.* 610 (61 S. E. 471, 19 L. R. A. (NS) 193, 14 Ann. Cas. 359); *Hamil* v. *Flowers,* 133 *Ga.* 216 (65 S. E. 961); *Edwards Mfg. Co.* v. *Hood,* 167 *Ga.* 144 (3) (145 S. E. 87). It is too late now for anyone to mistake the rule for proceedings in rem, wherein constructive service is held sufficient (*Forrester* v. *Forrester,* 155 *Ga.* 722, 118 S. E. 373, 29 A. L. R. 1363; *Faughnan* v. *Bashlor,* 163 *Ga.* 525, 136 S. E. 545; *Jackson* v. *Jackson,* 164 *Ga.* 115, 137 S. E. 827), as applying to proceedings in personam. Code §§ 81-204 and 81-205 do not so provide. Accordingly, since the nonresident was not served and hence is not a party, and since she is an essential party in this proceeding, the court did not err in sustaining the demurrers and dismissing the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1955—DECIDED OCTOBER 10, 1955.

Robert S. Horne, for plaintiff in error.

L. A. Whipple, Jones, Sparks, Benton & Cork, contra.