20335. PETTIE *v.* ROBERTS *et al.*

ARGUED JANUARY 14, 1959—DECIDED FEBRUARY 6, 1959—
REHEARING DENIED MARCH 6, 1959.

*Heyman, Abram & Young, Maurice N. Maloof,* for plaintiff in error.

*William P. Johnson, Boykin & Boykin, Shirley C. Boykin, Sidney Holderness, A. G. Smith, H. E. Morgan, Holderness & Word,* contra.

ALMAND, Justice. O. W. Roberts, Jr., on April 30, 1958, instituted the present action by filing a petition for money had and received and for injunctive relief in the Superior Court of Carroll County against Katie C. Pettie, Solomon Springer, Maggie . Springer Mason, William Springer, Susie Springer Turner, and John Springer, wherein he alleged substantially as follows: that the defendants were the heirs at law of the estate of Jake and Louisa Springer, and that he was the duly constituted, appointed, qualified, and acting administrator of said estate; that as administrator, under proper orders of the court of ordinary, he sold at a public sale a 60-acre tract of land belonging to the estate on August 7, 1956, to J. P. Moore for $4,300; that he had distributed the net proceeds of said sale equally to the heirs at law of Jake and Louisa Springer; that all of the heirs except Katie C. Pettie had accepted and cashed their check for distribution; and that Katie C. Pettie had filed with the United States District Court for the Northern District of Georgia, Newnan Division, a suit against O. W. Roberts, as administrator, and J. P. Moore, alleging that she was the owner of the 60-acre tract conveyed by Roberts to Moore; and that the administrator's deed from Roberts to Moore was null and void. Roberts' prayers were that he, as administrator, have judgment against each of said heirs in the sum of $644.50 (their distributive share of the proceeds of the sale) ; that each of said heirs be enjoined and restrained from selling, encumbering, or changing the status of any of their personal property pending the hearing and final determination of the suit; and that defendant Pettie, a resident of Boston, Massachusetts, be served by publication as provided under Code (Ann.) § 81-207.

On April 30, 1958, the trial court issued an order directing that service be perfected by publication on Katie C. Pettie. A "Notice to Non-Resident" was published in the Carroll County Georgian, which read as follows: "O. W. Roberts, Jr., Admin-

istrator of the Estates of Jake and Louisa Springer vs. Katie C. Pettie, et al. Action for money had and received. In Carroll Superior Court, October Term, 1958. To Katie C. Pettie, defendant in said matter: You are hereby commanded to appear at the October term of said Court, to be held on the first Monday in October, to wit: October 6, 1958, to answer in said matter." On October 4, 1958, counsel for defendant Pettie, appearing specially and solely for that purpose, filed a motion to dismiss the plaintiff's petition as to her for want of jurisdiction, and subject to this motion filed general demurrers and her answer to the petition. On October 6, 1958, counsel for defendant Pettie received notice that the case would be tried on October 7, 1958, whereupon counsel made a special appearance in the Superior Court of Carroll County subject to defendant Pettie's motion to dismiss for want of jurisdiction, and objected to the trial of the case at the October, 1958, term of said court. At that time the court, after hearing argument, entered orders denying defendant Pettie's motion to dismiss for want of jurisdiction, overruling her general demurrers to Roberts' petition, and overruling her objections to the trial of the case at the October term. The case was set for trial on October 9, 1958, at which time the defendants other than Pettie made a motion that the case be consolidated with a suit filed by Katie C. Pettie in Carroll Superior Court in 1948. Counsel for defendant Pettie, subject to her previous motions and objections, objected to the consolidation of the two cases on the grounds that the prior case had been terminated in 1950, inasmuch as the entire subject matter of the suit had been ordered sold, the funds disbursed, and the court costs paid; that there were no triable issues in the previous case, as they had all become moot; that jurisdiction over defendant Pettie could not be obtained by consolidation; and that consolidation of the two cases was improper as a matter of law. The court overruled defendant Pettie's objection and ordered the case tried October 9, 1958. Upon the call of the case, counsel for defendant Pettie stated that he was making a special appearance only to object to the trial of the case, and that he was not participating in the trial thereof. At the conclusion of the presentation of evidence, the court directed the jury to return the following verdict: "We,

the jury find for the defendants, and O. W. Roberts, Jr., and that deed given by O. W. Roberts, Jr., Administrator of Jake and Louisa Springer to J. P. Moore is a valid deed. We further find the deed of Receiver J. D. Gaston to Katie C. Pettie as null and void and of no force and effect. This October 9, 1958." On the same day, the trial judge rendered his judgment in the case wherein he revoked and rescinded his order dated April 3, 1950, appointing a receiver in the equitable suit filed by defendant Pettie in 1948; decreed the receiver's deed to Pettie to be null and void, and ordered the same canceled of record; decreed the administrator's deed to J. P. Moore to be a valid deed and to convey title to J. P. Moore; and rendered judgment against defendant Pettie for the court costs in the case.

The defendant Pettie assigns as error the orders of the trial court denying her motion to dismiss for want of jurisdiction and overruling her general demurrers, her objections to the trial of the case at the October, 1958, term of court, and her objection to the order consolidating the case with the one filed by her in 1948. She further assigns as error the order of the trial court directing a verdict in the case, the verdict itself, and the judgment and decree of the court.

■ We first consider the assignments of error on the denial of Katie C. Pettie's motion to dismiss and the overruling of her general demurrer, on the ground that the petition sought to recover a personal judgment against her, and she being a nonresident of Georgia, the court was without jurisdiction to render such judgment.

It is clear that the only relief sought by the administrator in his suit against Pettie was for a judgment in personam, and therefore the Superior Court of Carroll County did not by its order of service by publication and the subsequent service by publication acquire jurisdiction over her. As was stated by the court in *Little* v. *King*, 211 *Ga.* 872 (89 S. E. 2d 511): "It is equally well settled that, in order for the courts of this State to bind nonresidents by their judgments in personam, there must be personal service or waiver of personal service upon such nonresidents. *Hood* v. *Hood*, 130 *Ga.* 610 (61 S. E. 471, 19 L.R.A.

(NS) 193, 14 Ann. Cas. 359) ; *Hamil* v. *Flowers*, 133 *Ga.* 216 (65 S. E. 961) ; *Edwards Mfg. Co.* v. *Hood*, 167 *Ga.* 144(3) (145 S. E. 87)." Nor can it be seriously contended that defendant Pettie's attorney waived service and submitted to the jurisdiction of the court by making a special appearance to file her motion to dismiss on the ground that there was no personal service of her in the case, and to file her general demurrers and answer, and other objections—all being filed expressly subject to her motion to dismiss. For it is equally well settled that a special appearance urging lack of jurisdiction is not a waiver as to jurisdiction of the court over the person. *Cox* v. *Potts*, 67 *Ga.* 521; *Stallings* v. *Stallings*, 127 *Ga.* 464 (56 S. E. 469, 9 L.R.A. (NS) 593). Nor is a special appearance waived by the filing of a demurrer and answer, and further participation in the trial of a case under the express protestation that the special appearance is not waived. *Piggly Wiggly Ga. Co.* v. *May Investing Corp.*, 189 *Ga.* 477(2) (6 S. E. 2d 579, 126 A.L.R. 1465).

■ We now consider the assignment of error on the order consolidating the case of Katie C. Pettie v. Maggie Mason et al., October term, 1948, Carroll Superior Court, with the suit of O. W. Roberts, Jr., Adm. v. Katie C. Pettie et al., October term, 1958, Carroll Superior Court. The record discloses that the status of the first-named suit at the time of its consolidation with the last-named suit was as follows: It was instituted by the filing of an equitable petition by Katie C. Pettie on August 4, 1948, in the Superior Court of Carroll County against Susie Turner, Maggie Mason, Solomon Springer, William Springer, and John Springer. Pettie alleged therein that she together with the defendants were the sole heirs at law of Louisa Springer, who died on November 29, 1937, owning a certain tract of land containing 60 acres; that Louisa Springer had executed a will devising said 60 acres to Pettie and Maggie Mason and Susie Turner; that said will was in the possession of Solomon Springer, who had refused to offer said will for probate; and that Pettie had an equitable lien against the property by virtue of having paid off certain indebtedness secured by it. Pettie prayed in her petition as amended that a receiver be appointed and the property be sold and the proceeds distributed according to the

equities in the case. All of the defendants named therein were duly served with a copy of the petition and process. Defendants William Springer, John Springer, and Solomon Springer filed answers in said suit, in which they denied the claims of Pettie and prayed that the property be sold and the proceeds distributed to the heirs of Louisa Springer. The remaining defendants did not file any pleadings. Pursuant to the prayers of the petitioner and the defendants who answered the suit, the court on April 3, 1950, appointed J. D. Gaston, sheriff, as receiver and ordered him to sell the property in the manner prescribed by law for a legal sale on the first Tuesday in May, 1950. The court further ordered "that all parties hereto file their claims and interventions within 60 days and appear before this Court on the 17th day of June, 1950, and then and there establish any claim or lien of any kind whatsoever that they might have against said property, in order that the court might consider same and decree the respective rights of the parties as to the funds derived from the sale of the property." On May 13, 1950, the receiver petitioned the court to approve a sale of the property to Katie C. Pettie for $200. On May 16, 1950, the following order was signed: "The foregoing petition of J. Denver Gaston, Receiver, in this case, has been read and considered. Let the same be filed. It appearing to the Court that the bid received for the sale of the property described is the fair market value of said property and is a good price for same, and that the sale was held in a manner according to law and as previously ordered by this Court, Be It Therefore ordered and adjudged that the sale of the property by J. Denver Gaston, Receiver, to Katie C. Pettie, for the sum of $200 is hereby confirmed." The final order in this case, entered July 22, 1950, recites in substance: that the 60 acres of land having been sold by the receiver for $200, and said sum being in the receiver's hand, and the case having been set for distribution and the attorneys for all parties agreeing before the court, it was ordered that the sum of $35 be paid to an attorney for two of the defendants; that $25 be paid to the receiver; and after paying all accrued court costs, the balance of the fund be paid by the receiver to the attorneys for Katie C. Pettie. The receiver had duly executed a deed naming Katie C. Pettie as the grantee,

wherein fee-simple title to the above tract was conveyed to her. Said deed was recorded on May 19, 1950.

It is essential to the proper consolidation of cases that the cases ordered consolidated be pending with issues ripe for adjudication, for the courts may not by consolidation readjudicate matters of which a final disposition has been made. *Collins* v. *Cowart*, 157 *Ga.* 333 (121 S. E. 321). A judgment on the equity side of the court is final when, as to the subject matter of the judgment, any of the substantial rights of the parties litigant are finally settled thereby. *Booth* v. *State of Ga.*, 131 *Ga.* 750, 756 (63 S. E. 502); *Moody* v. *Muscogee Mfg. Co.*, 134 *Ga.* 721 (2) (68 S. E. 604, 20 Ann. Cas. 301); *Cooper* v. *Reeves*, 161 *Ga.* 232 (1) (131 S. E. 63). The subject matter of the suit filed by the defendant Pettie in 1948 was the 60-acre tract of land belonging to the estate of Louisa Springer, and the respective rights of petitioner and defendants therein. A receiver was appointed with the approval of counsel for the defendants in that action, and the property was sold by judicial decree pursuant to the prayers of all parties who made an appearance in the case. The order of May 16, 1950, confirming the sale of the property was a final and conclusive judgment to the same extent as any other judgment by a court of competent jurisdiction. *Hurt Building* v. *Atlanta Trust Co.,*.181 *Ga.* 274 (182 S. E. 187); *Poole* v. *McEntire*, 209 *Ga.* 659 (75 S. E. 2d 20). While the record in the case does not show that, pursuant to the order of April 3, 1950, the parties appeared before the court on June 17, 1950, as commanded and established their equities and rights in the proceeds of the sale, said rights of the parties were in effect finally settled by the order of July 22, 1950, distributing the proceeds from the sale of the property as fees and court costs. Any issues remaining in the case after the order of distribution became moot, inasmuch as it would have been vain and useless for the court to adjudicate conflicting claims to a nonexisting fund.

The power of the court to consolidate pending actions does not encompass the right to resurrect a case in which a final judgment has been rendered and restore it to life for the purpose of nullifying all that has been done in such case. The court did not

acquire jurisdiction over the defendant Pettie in the administrator's suit by the order consolidating the earlier suit of Pettie, for the reason that this suit had been terminated and was not a pending action. The order of consolidation was erroneous.

The court having erred in denying defendant Pettie's motion to dismiss for want of jurisdiction, and the erroneous order of consolidation rendering further proceedings in the case nugatory, it is not necessary to pass upon the other assignments of error.

*Judgment reversed. All the Justices concur.*