### 21325. STERNBERGH v. McCLURE.

ARGUED SEPTEMBER 13, 1961—DECIDED OCTOBER 5, 1961.

*Candler, Cox, McClain & Andrews, Edward Andrews,* for plaintiff in error.

*Anthony A. Alaimo, Jack T. Griffith, A. A. Nathan,* contra.

MOBLEY, Justice. ■ Under the view we entertain of this case it is necessary only to consider the judgment overruling the plea to the jurisdiction and overruling the general demurrer attacking jurisdiction. If the petition states a cause of action in personam the court is without jurisdiction, and the court erred in overruling the plea to the jurisdiction and in overruling the general demurrer. See *Dearing v. Bank of Charleston*, 5 Ga. 497 (48 AD 300); *Hood Brick Co. v. Mangham*, 161 Ga. 457 (131 SE 172); *Irons v. American Nat. Bank*, 175 Ga. 552 (165 SE 738); *Little v. King*, 211 Ga. 872 (89 SE2d 511); *Pettie v. Roberts*, 214 Ga. 750 (107 SE2d 657). If, on the other hand, a cause of action in rem against the described land which is located in DeKalb County is stated, the superior court of that county does have jurisdiction.

Obviously, the petition as originally filed was an action in personam as it alleged that title to the property was in the defendant, did not allege any interest in the land to be in the plaintiff or in the partnership and alleged only that under the partnership agreement did plaintiff have an interest in the profits which might be realized through the promotion or resale of the property, and prayed for an accounting and settlement of the affairs of the partnership and for a money judgment equal to one-half of the difference between the defendant's investment and the present market value of the property and for a special lien against the land. The petition sought only personal relief and did not involve title to the land.

The petition as amended seeks a decree of title to an interest in land but that interest must be first established by the petitioner's action in equity for an accounting and settlement of partnership assets, which, under his allegations, will arise only after he has established that there has been a profit from the operation of the partnership. In other words, he must, by an action in personam against the defendant, show a profit from the partnership in order to establish any claim to an interest in the land. In this connection see *Clayton v. Stetson*, 101 Ga. 634 (28 SE 983) at page 638, where the court said: "The suit was brought in the county where the land lies, but the defendant resided in another county. If the plaintiff, without resorting

to the powers of the superior court as a court of equity and without invoking equitable relief, can, upon her legal title, recover, the suit is well brought in the county where the land lies; but if, in order to vest herself with a legal title upon which she can recover at law, it becomes necessary at first to assert an equity as against the person invested with legal title, then we conclude that the action should have been brought in the county wherein the defendant resided." And on page 639 the court stated, "According to the declaration in this case, the plaintiff showed that the legal title was in the defendant, who was in possession; and, therefore, this of itself was sufficient to defeat her right to recover. In order to reinvest herself with the legal title, it was absolutely indispensable that there should have been an accounting upon equitable principles between her and the defendant, and she seeks in this proceeding indirectly to bring about an accounting which the defendant can not be held to make elsewhere than in the county of his residence." On page 640 the court continued, "if the defendant does not reside in the county where the land lies, and it is sought as against him to assert equities, by the letter of the Constitution, and as well by its spirit, he can not be held to answer such an action save only in the county of his residence, even though in the adjustment of the equities the title to lands may be indirectly involved." See also *Owenby v. Stancil,* 190 Ga. 50(1) (8 SE2d 7); *Screven County v. Reddy,* 208 Ga. 730, 731 (69 SE2d 186).

The nature of this action is determined by the allegations of facts not by the nature of the prayers alone, and where, as here, allegations of the petition show that legal title to the property is in the defendant, who paid the purchase money, held a deed to the property, and was in possession, and the petition seeks an accounting of partnership assets and an equitable decree of title to a one-half interest in the property subject to the defendant's prior claim to the purchase price which he paid, the action is in personam and not in rem. The action is to gain title not to declare existing title, and operates against the person not the land. The process was not served upon the land, the land is not a party defendant nor would the final judgment be binding upon anyone not a party to the proceeding who might

claim an interest in the land. See *Childs v. Hayman*, 72 Ga. 791 (1) where this court held that a partitioning proceeding is not a proceeding in rem. The case of *Adams v. Lamar*, 8 Ga. 83, is almost identical with this case as to facts, issue, and conclusion reached. There the plaintiff brought suit in Georgia against a nonresident of this State in which he alleged that under a partnership agreement certain lots of land were bought by the defendant upon plaintiff's information and advice and that he was to have a one-third interest in the lots for his services but that defendant refused to account to him for his one-third interest and was threatening to sell the lots. He prayed for an injunction, partitioning of the land and for a decree of title to a one-third interest in the land. The court held that this was a bill to make the defendant "comply with the contract by executing to a complainant a title to one-third of these lands," and that it was an action in personam over which the court had no jurisdiction. The fact that there the plaintiff prayed that the defendant be decreed to convey the land to the plaintiff and here that the court decree plaintiff a one-half interest in the land does not change the character of the action. *Martin v. Gaissert*, 134 Ga. 34, 37 (67 SE 536).

See also *Black v. Black*, 27 Ga. 40, where there was a partnership to buy and sell lots of land, and the court held that a bill in equity to compel the defendants to convey to complainant an interest in the unsold lots and for his share of the profits from the sale of the lots was properly brought in the county of residence of the defendants against whom equitable relief was sought. In *Martin v. Gaissert*, supra, the court held that an action by a wife seeking to have the court decree title in her to land which she bought through her husband with money furnished by her, intending that title be taken in her name, but which her husband took in his name, was an action in personam and was properly brought in the county of his residence though the land was in another county. See also *Esso Standard Oil Co. v. Moore*, 211 Ga. 687 (87 SE2d 854).

"Generally, the proper venue of an equity action for the establishment, dissolution, and settlement of partnership affairs is determined by the residence of the parties, and not by the

locality of the firm assets, even when such assets include real property." Jarvis v. Hamilton, 73 Idaho 131 (246 P2d 216, 33 ALR2d 910) and cases cited.

■ It is well settled that in order for courts of this State to bind nonresidents by their judgments in personam there must be personal service or waiver of personal service upon such nonresidents. *Little v. King*, 211 Ga. 872, supra; *Pettie v. Roberts*, 214 Ga. 750, supra.

As stated in *Little v. King*, supra, "It is too late now for anyone to mistake the rule for proceedings in rem, wherein constructive service is held sufficient (*Forrester v. Forrester*, 155 Ga. 722, 118 SE 373, 29 ALR 1363; *Faughnan v. Bashlor*, 163 Ga. 525, 136 SE 545; *Jackson v. Jackson*, 164 Ga. 115, 137 SE 827), as applying to proceedings in personam. *Code* §§ 81-204 and 81-205 do not so provide."

Accordingly, since the defendant, a nonresident, was not served and did not waive service the trial court erred in overruling the plea to the jurisdiction and in overruling the general demurrer attacking jurisdiction.

*Judgment reversed. All the Justices concur.*